IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON CORDE HUBBARD;<br>JOSHUA TYLER FULP;<br>KAIN DANIEL SCHWANDT; and<br>DAVID TODD NOYE JR. | I N D I C T M E N T<br><br>Case No. _____<br><br>Violation:  21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(C), and 846; and 18 U.S.C.<br>§§ 1956(h) and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances Resulting in Serious Bodily Injury and Death**

The Grand Jury Charges:

From in or about January 2014 to the present, in the Districts of North Dakota, Oregon, and elsewhere,

BRANDON CORDE HUBBARD;
JOSHUA TYLER FULP;
KAIN DANIEL SCHWANDT; and
DAVID TODD NOYE JR.

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled

substance; a mixture and substance containing 3,4 Methylenedioxymethamphetamine (ecstasy or Molly), a Schedule I controlled substance; and a mixture and substance containing a detectable amount of Alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, marijuana, and ecstasy, all Schedule I controlled substances, within the states of North Dakota, Oregon, and elsewhere;

2. It was a part of said conspiracy that the defendants and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, within the states of North Dakota, Oregon, and elsewhere;

3. It was a part of said conspiracy that the defendants and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of Alprazolam (Xanax), a Schedule IV controlled substance, within the state of North Dakota, and elsewhere;

4. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

5. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities;

6. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

7. It was further a part of said conspiracy that co-conspirators used computers to order substances on-line from internet sites that are specifically designed to be hidden from the public;

8. The distribution of a mixture and substance containing Alprazolam (Xanax) and fentanyl in Grand Forks, North Dakota, on or about July 16, 2014, resulted in death to E.D.P.;

9. The distribution of a mixture and substance containing fentanyl in Grand Forks, North Dakota, on or about August 15, 2014, resulted in serious bodily injury to J.A.Z.;

10. The distribution of a mixture and substance containing heroin and a mixture and substance containing fentanyl in Grand Forks, North Dakota, on or about January 2, 2015, resulted in serious bodily injury to D.T.N.;

11. The distribution of a mixture and substance containing fentanyl in Grand Forks, North Dakota, on or about January 3, 2015, resulted in the death of B.E.H.; and

12.     The distribution of a mixture and substance containing heroin in Grand Forks, North Dakota, on or about January 3, 2015, resulted in physical injury to J.J.N.;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

**Distribution of a Controlled Substance Resulting in Death**

The Grand Jury Further Charges:

From on or about January 2, 2015, in the District of North Dakota, and elsewhere,

BRANDON CORDE HUBBARD

did knowingly and intentionally distribute a mixture and substance containing fentanyl, a Schedule II controlled substance, resulting in the death of B.E.H.;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT THREE

**Money Laundering Conspiracy to Conceal and Disguise Nature, Location, Ownership, and Control of Proceeds of Specified Unlawful Activity**

The Grand Jury Further Charges:

From in or about January 2014 to the present, in the Districts of North Dakota, Oregon, and elsewhere,

BRANDON CORDE HUBBARD

did knowingly and willfully combine, conspire, confederate, and agree together and with others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), in that members of the conspiracy did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce as described below, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(h).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

6

1.  During the course of and to further said conspiracy, members of the conspiracy sold controlled substances across the United States including, but not limited to: North Dakota, Oregon, and elsewhere;

2.  During the time frame of the conspiracy, members of the conspiracy sold the controlled substances in exchange for United States currency and paid for the controlled substances by conducting numerous financial transactions using the Bitcoin virtual currency system; and

3.  The purpose of transferring currency in this fashion was to conceal and disguise the nature, source, ownership, and control of the proceeds of the trafficking of controlled substances;

In violation of Title 18, United States Code, Section 1956(h).

A TRUE BILL:

/s/ Grand Jury Foreperson
Foreperson

/s/ Timothy Q. Purdon
TIMOTHY Q. PURDON
United States Attorney

CCM:ld