IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID TODD NOYE JR. | I N F O R M A T I O N<br><br>Case No. 2:15-cr-12-04<br><br>Violation:  21 U.S.C. § 846 |

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The United States Attorney Charges:

From in or about January 2014 to the present, in the Districts of North Dakota, Oregon, and elsewhere,

DAVID TODD NOYE JR.

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance; a mixture and substance containing 3,4 Methylenedioxymethamphetamine (ecstasy or Molly), a Schedule I controlled substance; and a mixture and substance containing a detectable amount of Alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, marijuana, and ecstasy, all Schedule I controlled substances, within the states of North Dakota, Oregon, and elsewhere;

2. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, within the states of North Dakota, Oregon, and elsewhere;

3. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of Alprazolam (Xanax), a Schedule IV controlled substance, within the state of North Dakota, and elsewhere;

4. It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

5. It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities;

6. It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions;

7. It was further a part of said conspiracy that co-conspirators used computers to order substances on-line from internet sites that are specifically designed to be hidden from the public;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).


_____
CHRISTOPHER C. MYERS
Acting United States Attorney

CCM:ld